# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>     Plaintiff,<br><br>     v.<br><br>REGINO FLORES GARCIA, et al.,<br><br>     Defendants. | Case No. 1:24-cv-00930-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE A MOTION FOR DEFAULT JUDGMENT<br><br>**THIRTY-FIVE DAY DEADLINE** |

Plaintiff filed the complaint in this action on August 9, 2024. (ECF No. 1.) On October 29, 2024, Plaintiff requested entry of default as to all defendants. (ECF No. 8.) On October 30, 2024, the Clerk of the Court entered default against all Defendants: (1) Regino Flores Garcia, dba Senor Pancho's; (2) Yolanda Mancillas Garcia, dba Senor Pancho's; and (3) Lemoore Capital, L.P. (ECF No. 11.)

The Court notes that *after* the clerk's entry of default of all defendants, Defendants Regino Flores Garcia and Yolanda Mancillas Garcia filed an answer on October 30, 2024. (ECF No. 12.) However, neither a stipulation nor motion to set aside the entry of default has been filed in this action.[1]

---

[1] Once default has been entered by the Clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the court considers "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)).

Accordingly, pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb. 11, 2008).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b)(1) and (2).  "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted).

As default has been entered against all Defendants in this matter, and no stipulation nor motion to set aside such default has been filed, the Court shall set a deadline for Plaintiff's motion for default judgment to be filed.

Accordingly, IT IS HEREBY ORDERED that within **thirty-five (35) days** from the date of service of this order, Plaintiff shall file a motion for default judgment.  Plaintiff is advised that the failure to comply with this order shall result in a recommendation that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **November 8, 2024**

STANLEY A. BOONE
United States Magistrate Judge

2